1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARLENE BOYER,

11          Plaintiff,                         No. CIV S-05-1552 KJM

12       vs.

13   MICHAEL J. ASTRUE,[1]
14   Commissioner of Social Security,

15          Defendant.                         ORDER

16   _____/

17          Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under

19   Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will deny

20   plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for

21   summary judgment but will remand the matter for further proceedings.

22   /////

23   /////

24   _____

        [1]  On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social
25   Security, replacing Jo Anne B. Barnhart, the original defendant herein.  Pursuant to 42 U.S.C.
     § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this
26   action.

                                           1

I.  Factual and Procedural Background

In a decision dated May 25, 2004, the ALJ determined plaintiff was not disabled.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of arthritis of the knees, degenerative disk disease and jaw disorder, but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff retains the residual functional capacity to perform light work with certain manipulative limitations, plaintiff can perform her past relevant work; and plaintiff is not disabled.  Administrative Transcript ("AT") 19.  Plaintiff contends the ALJ improperly applied a presumption of continuing nondisability

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1  from a prior determination, improperly rejected the opinion of a treating physician, and

2  improperly discredited plaintiff.

3  II.  Standard of Review

4          The court reviews the Commissioner's decision to determine whether (1) it is

5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8  Substantial evidence means more than a mere scintilla of evidence, but less than a

9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18  substantial evidence supports the administrative findings, or if there is conflicting evidence

19  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22  1335, 1338 (9th Cir. 1988).

23  /////

24  /////

25  /////

26  /////

3

III.  Analysis

Among other arguments, plaintiff contends the ALJ improperly discredited the opinion of treating physician, Dr. McAuley.  This argument is dispositive and requires remand.[3] The weight given to medical opinions depends in part on whether they are proffered by treating, examining or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

---

[3]  The ALJ correctly applied Chavez to this application for disability, finding changed circumstances in plaintiff's jaw disorder.  AT 18.  When a previous application for disability benefits has been denied by an ALJ, unless a claimant can show changed circumstances, the prior determination "creates a presumption that the claimant continued to be able to work after that date."  Lester v. Chater, 81 F.3d 821, 827 (9th Cir.1996) (quoting Miller v. Heckler, 770 F.2d 845, 848 (9th Cir.1985) (internal brackets omitted)); Chavez v. Bowen, 844 F.2d 691, 692-93 (9th Cir. 1988).  However, even where changed circumstances preclude application of res judicata to the prior ALJ's ultimate finding of nondisability, administrative findings in the prior decision concerning residual functional capacity, education and work experience "are entitled to some res judicata consideration in subsequent proceedings."  Chavez, 844 F.2d at 694.
    With respect to plaintiff's credibility argument, the ALJ was entitled to rely on third party witness statements, which indicated activities of daily living inconsistent with disability.  AT 18, 101-106.  However, inasmuch as the third party statement is dated November 2002 and Dr. McAuley opines with respect to disability at a much later date, the ALJ on remand should obtain more current witness statements if third parties are used to impugn credibility.

4

1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  In

any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u>, 881 F.2d at 751.  The opinion of a

non-examining professional, without other evidence, is insufficient to reject the opinion of a

treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.

       Dr. McAuley opined in a letter dated April 15, 2004 that plaintiff was one

hundred percent disabled as a result of psychiatric factors alone.  AT 353-355.  Dr. McAuley is

board certified in physical medicine and rehabilitation and psychiatry and neurology and, at the

time of his letter, had been treating plaintiff for an industrial injury since 2000.  The April 15,

2004 report notes that plaintiff's condition was relatively stable but that plaintiff's condition had

more recently become refractory to treatment.  AT 353.

       The ALJ rejected Dr. McAuley's opinion as not based on objective evidence

elsewhere in the record, as advocatory in nature, and as more restrictive than what plaintiff

admitted she could do.  These reasons do not meet the standards set forth above.  The ALJ did

not have the more recent medical records from Dr. McAuley upon which his opinion was based.

AT 155-238.  Although the ALJ informed plaintiff she should be sure to provide Dr. McAuley's

records for inclusion in the administrative record, it is not clear that plaintiff understood the more

recent records were not included.  AT 397.  Disability hearings are not adversarial.  <u>See</u> <u>DeLorme</u>

<u>v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991); <u>see also</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 255 (9th

Cir. 1996) (ALJ has duty to develop the record even when claimant is represented).  Because

plaintiff was proceeding <u>pro se</u>, it was particularly incumbent upon the ALJ to fairly develop the

record and ascertain the basis of Dr. McAuley's opinion of recent disability.

/////

/////

/////

5

As to the other two bases upon which the ALJ rejected Dr. McAuley's opinion, they are not supported by the record. Throughout Dr. McAuley's treatment of plaintiff, the record reveals unbiased reporting of plaintiff's condition and assessments of plaintiff's ability to work.[4] See, e.g., AT 157, 173, 214, 237. There is no basis to conclude that the April 2004 letter is unduly advocatory. Plaintiff's testimony also is generally consistent with the physical limitations assessed by Dr. McAuley. AT 390-391. Because the opinion of this treating physician was improperly rejected, the matter must be remanded.

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).

Dr. McAuley's prior reports from 2002 indicate plaintiff is capable of performing some kind of work. AT 157, 173. Even if Dr. McAuley's April 15, 2004 opinion of one hundred percent disability is credited, it is not clear from Dr. McAuley's report as to when that disability began because, as noted, the administrative record does not contain any of Dr. McAuley's treatment records after July 2002. AT 155-238. The matter therefore will be remanded under sentence four of 42 U.S.C. § 405(g) so that Dr. McAuley's treatment records from July 2002 onward may be obtained and further evidence of the date of onset of disability, if any, may be developed.

/////

---

[4] Although plaintiff attempts to undermine the prior ALJ's reliance on Dr. McAuley's opinions in formulating a residual functional capacity, this court cannot revisit the prior determination of disability through the date of that decision, August 15, 2002. AT 41-44.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment is denied;

2.  The Commissioner's cross-motion for summary judgment is denied; and

3.  This matter is remanded for further proceedings consistent with this order.

DATED:  March 28, 2007.

_____
U.S. MAGISTRATE JUDGE

006
boyer-arlene.ss

7